IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD KRUEGER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 07-CV-6261 |
| TRADEGUIDER SYSTEMS, LLC, an Illinois limited liability company, and TRADEGUIDER SYSTEMS, LTD, a foreign business corporation, | ) JUDGE KENDALL<br>) MAGISTRATE JUDGE BROWN |
| Defendants. | ) JURY DEMAND REQUESTED |
| TRADEGUIDER SYSTEMS, LLC, an Illinois limited liability company, | ) |
| Counter-Plaintiff, | ) |
| v. | ) |
| TODD KRUEGER, | ) |
| Counter-Defendant, | ) |
| THOMAS WILLIAMS, | ) |
| Third-Party Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TRADEGUIDER SYSTEMS LLC'S
MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT**

**BACKGROUND**[1]

This case involves a dispute over Plaintiff Todd Krueger's ("Krueger" or "Plaintiff") employment with Defendant TradeGuider Systems, LLC ("TradeGuider USA") and the

---

[1] As it must, TradeGuider USA assumes the truth of the facts alleged in the Complaint for purposes of this motion only. *Horback v. Kaczmarek*, 288 F.3d 969, 971 (7th Cir. 2002). In fact, the material allegations of the Complaint are not true.

1

ownership of the intellectual property that was created by Krueger while Krueger was an employee of TradeGuider USA. According to the Complaint, TradeGuider USA markets software and educational courses to persons involved in the securities, futures, and foreign exchange trading industries. (Complaint ¶ 4.) Krueger has a 25 percent membership interest in TradeGuider USA and served as Manager and the Chief Executive Officer of TradeGuider USA from its inception in November 2003 through September 10, 2007. (Complaint ¶¶ 25, 27, 34.)

TradeGuider Systems, Ltd. ("TradeGuider UK") is a corporation organized under the laws of the United Kingdom and TradeGuider UK is a part-owner of TradeGuider USA. (Complaint ¶¶ 5, 7.) TradeGuider UK is owned by Roy Didlock ("Didlock"), Richard Bednall ("Bednall"), and Gavin Holmes ("Holmes"). (Complaint ¶ 12.) In July 2003, Didlock, Bednall, and Holmes discussed forming a business relationship with Krueger to open an operation in the United States to market software and educational courses to persons involved in the securities, futures, and foreign exchange trading industries. (Complaint ¶¶ 8, 11, 13.) Part of the technology to be marketed by TradeGuider USA was software and technology designed by Tom Williams ("Williams) which was exclusively licensed to TradeGuider UK in 2002 (the "VSA Software"). (Complaint ¶ 13.)

Ultimately, Didlock, Bednall, Holmes, and Krueger agreed to go into business and formed TradeGuider USA in November 2003. (Complaint ¶¶ 16, 17.) Krueger invested $60,000 by check into TradeGuider USA. (Complaint ¶ 19, 20.)

In connection with the formation of TradeGuider USA and Krueger's role as Manager and Chief Executive Officer, Krueger executed an employment agreement with TradeGuider USA (the "Employment Agreement"). (Complaint ¶¶ 29, 32.) The Employment Agreement contained non-competition and non-solicitation provisions and provides that any intellectual

property that Krueger created during his employment with TradeGuider USA belongs to TradeGuider USA. (Complaint ¶¶ 37, 38.) After over three and a half years as Manager and Chief Executive Officer of TradeGuider USA and in violation of his Employment Agreement with TradeGuider USA, Krueger resigned on September 11, 2007. (Complaint ¶ 35.) Krueger now asks this Court to allow him to escape his obligations under the Employment Agreement and to grant him ownership rights in all intellectual property he created while employed by TradeGuider USA. (Complaint ¶ 43.)

In Count IV of Krueger's Complaint, he attempts to allege fraud against TradeGuider USA and TradeGuider UK. However, Krueger makes no effort to identify what any specific defendant allegedly promised or said or where, when or how the promise or representation was communicated. As such, Count IV is fatally deficient and must be dismissed with prejudice.

## ARGUMENT

### PLAINTIFF HAS NOT ALLEGED PROPER FRAUD CLAIMS

Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances of all fraud claims be alleged with particularity. This means that the complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990). "A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." *Id*. As described by the appellate court, Rule 9(b) requires the complaint to state "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Krueger's Complaint does not meet these exacting standards. Far from setting forth the specifics, Krueger's so-called fraud allegations are made in the most general and vague terms possible. Krueger alleges a laundry list of misrepresentations and omissions were made from mid-2003 through 2006 by the principals (impermissibly lumped together) of TradeGuider UK that allegedly induced him into investing in TradeGuider USA and entering into the Employment Agreement without specifying who allegedly made the misrepresentation or when. (Complaint ¶ 54.) In addition, Krueger does not explain how alleged acts occurring after the formation of the LLC and the execution of his Employment Agreement could have possibly induced him to invest money in TradeGuider USA, move to Illinois or enter into the Employment Agreement. (Complaint ¶¶ 56, 57.) There is absolutely no "who, what, when, where, or how" that would allow TradeGuider USA to understand what allegedly fraudulent conduct is being attributed to it. Krueger's claim for fraud is filled with allegations lacking the necessary supporting facts, such as any specific misrepresentation made by TradeGuider USA.

For each alleged promise or representation that Krueger now desires to hold TradeGuider USA liable, TradeGuider USA is entitled to know who allegedly made the statement, what was allegedly said, to whom was it said, when the alleged statement was made and how it was made. Krueger, however, makes no effort to identify the circumstance of any allegedly fraudulent statements being attributed to TradeGuider USA. Instead, Krueger lists a plethora of general alleged misrepresentations and omissions that allegedly extend over a three-year period which are not articulated with any degree of particularity.

Krueger has failed to satisfy the dictates of Rule 9 of the Federal Rules of Civil Procedure. Accordingly, Count IV of the Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Count IV of the Complaint should be dismissed with prejudice.

Dated: November 13, 2007			Respectfully submitted,

			TRADEGUIDER SYSTEMS, LLC.


			  /s/ George R. Spatz
			By one of Its attorneys


			Stuart Smith (Atty. No. 2655098)
			George R. Spatz (Atty. No. 6278494)
			Jeremiah J. Posedel (Atty. No. 6291892)
			McGuireWoods LLP
			77 West Wacker Drive, Suite 4100
			Chicago, IL 60601
			Tel.	312.849.8100
			Fax	312.849.3690

\4840263.1