UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TODD KRUEGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6261 |
| | ) | |
| v. | ) | |
| | ) | |
| TRADEGUIDER SYSTEMS, LLC, an Illinois limited liability company, and | ) ) | Judge Kendall |
| TRADEGUIDER SYSTEMS, LTD., a foreign business corporation, | ) ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) ) | |
| | ) | |
| TRADEGUIDER SYSTEMS, LLC, an Illinois limited liability company, | ) ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TODD KRUEGER, | ) | |
| | ) | |
| Counter-Defendant, and | ) | |
| | ) | |
| THOMAS WILLIAMS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**PLAINTIFF'S MOTION TO REMAND,
AND TO STAY PENDING RESOLUTION OF THIS MOTION**

Plaintiff Todd Krueger ("Krueger"), pursuant to 28 U.S.C. § 1447(c), respectfully asks this Court to remand this action back to the Circuit Court of Cook County, Illinois ("the Circuit Court"). On November 5, 2007, Defendant TradeGuider Systems, LLC ("the LLC") removed this action to this Court. The LLC's notice of removal claimed the existence of a federal question under 28 U.S.C. § 1331 as the basis for federal subject matter jurisdiction.

The LLC is incorrect. Krueger's claims do not raise any claims under the Copyright Act, nor are they secretly but "really" based on the Copyright Act or any other federal law. Krueger's complaint asked for a straightforward declaration of rights as to a provision relating to intellectual property rights set forth in his employment contract. Controlling Seventh Circuit law – including the cases that the LLC selectively quotes from – demonstrate that the LLC's removal was improper.

Accordingly, Krueger is entitled to have this action remanded to the Circuit Court, with an award of attorney's fees and costs. Furthermore, while this motion is pending, the remaining activities in this case should be stayed to avoid prejudice and wasted effort.

## Background

On September 27, 2007, Krueger filed his complaint in the Circuit Court. Krueger's complaint has four counts: a claim against the LLC for declaratory judgment on an employment agreement (Count I); a claim for declaratory judgment against the LLC on a note (Count II); a claim against the LLC and the other defendant, Tradeguider Systems, Ltd. ("Limited"), for dissolution of the LLC (count III); and a fraud claim against the LLC and Limited (Count IV).

In Count I, Krueger alleged that he and the LLC were parties to an Employment Agreement. (Complaint ¶ 32 (attached to Doc. 1).) Krueger stated that the Employment Agreement contained non-competition and non-solicitation provisions. (*Id.* ¶ 37.) Krueger also stated that the agreement contained a provision relating to the ownership of intellectual property:

> 38. The Employment Agreement contained a provision stating, in essence, that any intellectual property that Krueger created during his employment with the LLC belonged to the LLC.

(*Id.* ¶ 38.) The LLC's answer (Doc. 11 ¶ 38) admits this allegation.

2

Krueger alleged that the LLC violated the employment agreement through its conduct. Among many other things, the LLC failed to pay Krueger his minimum annual salary. (*Id.* ¶ 40.) Krueger claimed that "The LLC's breach of the Employment Agreement bars the LLC from seeking to enforce any of the terms of the Employment Agreement, including but not limited to the non-competition, non-solicitation, and intellectual property provisions." (*Id.* ¶ 42.) Accordingly, Krueger asked for the entry of the following declaration:

> Krueger is entitled to a declaration of law that the Employment Agreement is void and unenforceable; that Krueger has no obligation to comply with the non-competition or non-solicitation provisions in the Employment Agreement; that Krueger owns full rights in all of the intellectual property that he created during his employment with the LLC; and that the LLC must cease and desist from selling the CD-ROM products that Krueger developed, from continuing to allow access to his years of archived educational seminars and events that are offered free for TradeGuider software owners, and from using Krueger's name on website and other marketing materials in connection with the sale of those products.

(*Id.* ¶ 43.)

On November 5, 2007, the LLC appeared and removed this action. Even though Limited owns 75 percent of the LLC, the LLC's attorneys did appear on behalf of Limited. Krueger will serve Limited's representative with process when he returns to the United States.

The LLC's notice of removal (Doc. 1) states that subject matter jurisdiction for this case is based on federal question under 28 U.S.C. § 1331. The LLC's removal petition claims that "[i]n Paragraph 43 of the Complaint, Plaintiff seeks a declaration of copyright ownership from the Illinois State Court." (Doc. 1 ¶ 2.)

Subsequently, the LLC filed an answer to Counts I through III; a motion to dismiss Count IV under Rule 9(b) of the Federal Rules of Civil Procedure; and an eleven-count counterclaim against Krueger and a third-party defendant yet to be served.

3

Plaintiff complied with 28 U.S.C. § 1447(c) by filing this motion to remand within thirty days of the filing of the notice of removal.

## **Argument**

**I.     DEFENDANTS BEAR THE BURDEN OF PROVING JURISDICTION.**

The party seeking to invoke federal jurisdiction bears the burden of proving that the action is properly in federal court. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000). This burden is appropriate in light of the prejudice that Krueger would suffer if he proceeded to litigate this case in federal court, only to have this Court or the Seventh Circuit later determine that subject matter jurisdiction was absent and that Plaintiffs must start all over again in the Circuit Court. This can and does happen. *See id.* at 980 (Court must dismiss for lack of subject matter jurisdiction despite "waste of effort represented by a case that has been fully litigated in the wrong court").

Moreover, "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

**II.    COUNT I IS A CONTRACT CLAIM INVOLVING INTELLECTUAL PROPERTY ISSUES, AND NOT A COPYRIGHT ACT CLAIM.**

The LLC asks this Court to construe Count I of the Complaint as a claim asserted under the Copyright Act. The controlling law, however, does not support the LLC's request.

**A.     The Copyright Act Does Not Preempt Contracts On Intellectual Property.**

4

In *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996), the Seventh Circuit held that the Copyright Act did not preempt the parties' contract relating to the ownership and use of software. *Id.* at 1454-56. The Court held that the contractual rights to the software at issue were not "equivalent to any of the exclusive rights within the general scope of copyright." The Court's reasoning in reaching this holding is directly applicable to our case: "A copyright is a copyright against the world. Contracts, by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.'" *Id.* at 1454.

In our case, the LLC contracted with Krueger for the right to own all intellectually property he created. Yet the LLC breached the Employment Agreement by, among many other things, failing to pay Krueger as promised. As a result of this breach, the LLC lost the right to rely on the ownership-of-intellectual-property provision (as well as the non-competition and non-solicitation provisions). Krueger's Complaint simply asks for a judicial determination that the LLC, as a matter of contract, does not own the intellectual property Krueger created and thus cannot continue to use his name and property in its ongoing business affairs.

Krueger has never accused, and does not need to accuse, the LLC of violating the Copyright Act; the Employment Agreement controls the respective rights of the contracting parties.

**B.    Count I Is Not "Really" A Claim Under the Copyright Act.**

The LLC's notice of removal does not cite to a single case in which a Court construed a dispute over a contractual provision relating to the parties' intellectual property rights to state a claim under the Copyright Act. The LLC relies on one of the Seventh Circuit's general statements of law in the case of *Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1995

5

(7th Cir. 1987) – namely, the proposition that a plaintiff cannot conceal a federal law claim and defeat removal by not citing to federal law in a complaint. (Doc. 1 ¶ 3.)

The LLC, however, does not inform this Court of the other holdings in the *Saturday Evening Post* Court decision that direct contradict, and indeed serve to defeat, the LLC's legal position. Consistent with the *ProCD, Inc.* case, the Seventh Circuit held that "a dispute over the terms of a copyright license is not deemed to arise under the Copyright Act." *Id.* at 1194. The Court explained the reason for this rule of law: "state courts are competent to resolve disputes likely to be dominated by ordinary contract principles, even though the subject of the dispute is a right created by federal law and even though in particular cases issues of federal copyright law may come in by way of defense or counterclaim." *Id.* (citation omitted).

These holdings of the Seventh Circuit could just as easily have been written for our case. A simply reading of the Complaint will confirm for this Court that Krueger is seeking to resolve a contractual dispute involving intellectual property issues; that is case is "likely to be dominated by ordinary contract principles"; that Krueger's complaint is not secretly based on the Copyright Act or any other federal statute; and that Krueger did not conceal any secret reliance on the Copyright Act in order to defeat federal jurisdiction.

The LLC also relies on a general statement of law in *In re Application of County Collector*, 96 F.3d 890, 896 (7th Cir. 1996) – namely, that a plaintiff cannot defeat removal by failing to plead necessary federal questions in a complaint. (Doc. 1 ¶ 3.) Like the *Saturday Evening Post* case, the facts in the *In re Application of County Collector* bear no resemblance to our situation. And again, the LLC fails to address the legal holdings in this case that cut against their argument. Specifically, the Seventh Circuit in *In re Application of County Collector*

6

acknowledged that "[t]o determine the presence or absence of federal jurisdiction, we generally look no further than the allegations in the plaintiff's 'well-pleaded complaint.'" *Id.* at 895.

The legal principle that the LLC relies on – that a plaintiff cannot defeat removal by omitting necessary federal questions – is an "independent corollary of the well-pleaded complaint rule, also known as the 'artful pleading' doctrine." *Id.* at 896. The overriding question presented is whether "the claim is 'really' one of federal law." *Id.* However, the LLC fails to inform this Court that the Seventh Circuit requires the artful pleading doctrine to be applied narrowly, because "an expansive application of this doctrine would allow the artful pleading 'exception' to swallow the well-pleaded complaint rule." *Id.*

Thus, the fundamental question is whether Krueger's cause of action in Count I is "really" one of federal law. A fair review of the complaint Krueger filed demonstrates that the answer to that question is no.

C. **The LLC Cannot Create A Federal Question In A Defense.**

The LLC also argues that the "work made for hire" doctrine of Section 101 of the Copyright Act will come into play in this action. (Doc. 1 ¶ 2.) What the LLC really means to say is that it might raise that doctrine as a defense to Krueger's claim of ownership of his work due to the LLC's breach of the Employment Agreement.

The law on this point is clear. According to the case law that the LLC cited (though not on this issue), federal jurisdiction cannot be based on "issues of copyright law [that] may come in by way of defense or counterclaim." *Saturday Evening Post Co.*, 816 F.2d at 1194-95; *In re Application of County Collector*, 96 F.3d at 895.

D. **Krueger Has Not Asked For Relief Under The Copyright Act.**

7

The LLC also claims that a complaint will treated as a claim under the Copyright Act if it requests relief "governed by the Copyright Act." (Doc. 1 ¶ 4.) For this proposition, the LLC cites to *gh, LLC v. Curtain*, 422 F. Supp. 2d 994 (N.D. Ind. 2006).

The LLC neglects to mention that in the *gh, LLC* case, the plaintiff specifically sought a declaration that defendant be ordered to "assign to GH the entire rights to all such Works that under copyright law are not considered works made for hire." *Id.* at 997. This is not at all comparable, in either words or spirit, to the relief that Krueger seeks – which relief is based on the LLC's forfeiture of its contractual rights under the intellectual property provision of the Employment Agreement due to the LLC's breaches of contract.

### III. OTHER CASE ACTIVITY SHOULD BE STAYED PENDING THE RESOLUTION OF THIS MOTION TO REMAND.

While this motion to remand is pending, other activity in this action should be stayed to avoid prejudice and wasted effort.

The LLC filed a motion to dismiss Count IV based on the requirements of Rule 9(b) of the Federal Rules of Civil Procedure ("the Federal Rules"). Obviously, if this action is remanded to the Circuit Court, the motion will be moot – and any refiled motion would have to be decided under Illinois' rules of procedure and the case law of the Illinois courts.

In addition, the LLC filed an eleven-count counterclaim against Krueger. This counterclaim could not begin to satisfy the fact pleading requirements of the Circuit Court. It would prejudice Krueger to have to answer the counterclaims in this Court, and should the case later be remanded, be deemed to have waived his right to bring a motion to dismiss the counterclaim as improperly pled under 735 ILCS 5/2-615 in the Circuit Court.

Furthermore, the LLC and Krueger cannot proceed with meaningful discovery activities until all of the parties have appeared. Even though Limited is a 75 percent owner of the LLC, the LLC's attorneys have not filed an appearance on behalf of Limited. Krueger will not be able to serve Limited until its representative returns to Illinois from overseas (which we believe will be later this month). And the LLC has to attempt service on new third-party defendant Thomas Williams, who is a citizen and resident of the United Kingdom.

As with motion and pleading practice, the Illinois Supreme Court Rules governing discovery differ significantly from the discovery procedures in the Federal Rules. The manner in which the two court systems manage discovery as a practical matter is even more divergent. The parties should br allowed to proceed with discovery in the forum that ultimately will resolve this action.

### Conclusion

The LLC apparently prefers to litigate this case in federal court. That, however, is beside the point. The controlling precedent of the Seventh Circuit demonstrates that Krueger properly brought this case in the Circuit Court, and that the LLC has failed to meet its burden of proving that this action is "really" based on a federal question.

With subject matter jurisdiction lacking, this action is subject to remand to the Circuit Court pursuant to 28 U.S.C. § 1447(c). Because the LLC's removal was improper, and because the LLC should have known so by reference to the cases cited in its own removal petition, Krueger is entitled to an award of attorney's fees and costs under 28 U.S.C. § 1447(c). The precise amount can be determined in subsequent proceedings in this Court. *M.D.C. Wallcoverings v. State Bank of Woodstock*, 771 F. Supp. 242, 244 (N.D. Ill. 1991).

Finally, pending the resolution of this motion to remand, all other activities in this case should be stayed to avoid prejudice and wasted effort.

                                        Respectfully submitted,

                                        TODD KRUEGER

                                        By      s/Jay R. Hoffman
                                                   His Attorney

Jay R. Hoffman  (6193213)
Suite 1800
303 West Madison Street
Chicago, IL 60606
(312) 899-0899
Fax:  (312) 899-8201
jay@hoffmanlegal.com