**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TODD KRUEGER,                )<br>                                                )<br>            Plaintiff,                     )<br>     v.                                       )      Case No.  07 C 6261<br>                                                )<br>TRADEGUIDER SYSTEMS, LLC,       )      Judge Virginia M. Kendall<br>an Illinois limited liability company, and  )<br>TRADEGUIDER SYSTEMS, LTD., a   )<br>foreign business corporation,             )<br>                                                )<br>            Defendants.                  )<br>                                                )    | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Todd Krueger ("Krueger" or "Plaintiff") moves to remand this matter to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c).  For the reasons stated herein, Plaintiff's Motion to Remand is granted.

Krueger initially filed suit against Defendants TradeGuider Systems, LLC ("TradeGuider LLC" or "Defendant") and TradeGuider Systems, Ltd. ("Limited") in the Circuit Court of Cook County, Illinois.  Defendants removed Krueger's suit to this Court on November 5, 2007 based on the existence of a federal question under 28 U.S.C. § 1331.  Specifically, TradeGuider LLC claimed that Count I of Krueger's four-count Complaint relates to Krueger's intellectual property rights under the Copyright Act, 17 U.S.C. § 101, *et seq*, and, consequently, belongs in federal court.

<u>The Complaint Allegations</u>

The original complaint filed in the Cook County Circuit Court arises out of a dispute involving the formation and operation of TradeGuider LLC, including the terms of an employment

agreement executed between Krueger and TradeGuider LLC ("the Employment Agreement"). The Employment Agreement contained non-competition and non-solicitation provisions and a provision related to ownership of intellectual property. According to Krueger, the latter provision stated, in essence, that any intellectual property created by Krueger during his employment with TradeGuider LLC belonged to TradeGuider LLC. Krueger further alleges that TradeGuider LLC violated the Employment Agreement and breached its duties to Krueger by, among other things, failing to pay Krueger his minimum annual salary, to recognize Krueger's authority to act in the best interests of TradeGuider LLC as its CEO, and to recognize the separate corporate statuses of LLC and Limited. Additionally, TradeGuider LLC allegedly misused funds to pay Limited's debts and wrongfully threatened to terminate Krueger.

Under Count I of Krueger's four-count Complaint, Krueger claims that TradeGuider LLC's breach of the Employment Agreement bars TradeGuider LLC from seeking to enforce any of the terms of the Employment Agreement, including the non-competition, non-solicitation, and intellectual property provisions. Krueger also requests a declaratory judgment that: (1) the Employment Agreement is void and unenforceable; (2) Krueger has no obligation to comply with the non-competition or non-solicitation provisions; (3) Krueger owns full rights in all of the intellectual property that he created during his employment with TradeGuider LLC; and (4) TradeGuider LLC must cease and desist from selling the CD-ROM products that Krueger developed, from continuing to allow access to his years of archived educational seminars and events that are offered free for TradeGuider software owners, and from using Krueger's name on marketing materials in connection with the sale of those products.

Federal Jurisdiction[1]

Federal question jurisdiction exists if the actions "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine the presence or absence of federal question jurisdiction, the Court generally looks no further than the allegations contained in the plaintiff's "well-pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). When the complaint is actually based on federal law, however, the absence of an explicit reference to the federal nature of the claims will not bar removal of a federal claim to federal court. *See Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1195 (7th Cir. 1987). Additionally, a case will not be removed to federal court on the basis of a federal defense. *Caterpillar, Inc.*, 482 U.S. at 393.

Jurisdiction of the federal court as related to copyrights is governed by 28 U.S.C. § 1338, which states, in part, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights. . . . Such jurisdiction shall be exclusive of the courts of the states in . . . . copyright cases." It is well-established within the Seventh Circuit that not every complaint that references a copyright will be deemed to "arise under" federal law. For instance, a dispute regarding the terms of a copyright license or the ownership of a copyright is not deemed to arise under federal law. *Saturday Evening Post Co.*, 816 F.2d at 1194; *Int'l Armor &*

---

[1] On November 13, 2007, TradeGuider LLC filed with this Court its Answer as well as various state and federal counterclaims. The "well-pleaded complaint" rule focuses on the plaintiff's complaint rather than the defendant's answer. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 831 (2002). A counterclaim cannot establish original jurisdiction under 28 U.S.C. § 1331. *Id.* at 831-32. Under 28 U.S.C. § 1441, a federal court must have original jurisdiction over an action in order for the action to be removed from state to federal court. *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). Because a court must have jurisdiction over a case before it may assert jurisdiction over supplemental claims, supplemental jurisdiction cannot provide the original jurisdiction that is required in order to qualify for removal under 28 U.S.C. § 1441. *Id.* Thus, for the reasons stated above, the Court's analysis will focus on Krueger's well-pleaded Complaint rather than TradeGuider LLC's counterclaims.

*Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001).

Because Count I of the Complaint, which alleges breach of contract and requests a declaratory judgment related to TradeGuider LLC's use of intellectual property, does not state a federal cause of action on its face, removal is only appropriate if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (internal quotes omitted). As such, the Court will consider whether Count I falls into this preemption exception to the well-pleaded complaint rule.

Preemption under the Copyright Act

Preemption under the Copyright Act is governed by 17 U.S.C. § 301(a). Section 301 creates a two prong test for preemption of a right under state law: (1) the work must be fixed in a tangible medium of expression and be copyrightable subject matter under 17 U.S.C. § 102; and (2) the right asserted must be equivalent to any of the rights specified in 17 U.S.C. § 106.[2] *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986). Because it will inform the Court's decision as to the current Motion, the Court will focus on the second prong of the § 301 preemption test. Thus, the issue presented is whether Plaintiff's breach of contract claim

---

[2] Section 106 provides that a copyright owner has the following exclusive rights: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission. 17 U.S.C. § 106.

involves rights that are not equivalent to the exclusive rights under § 106.

While the law regarding this preemption question remains unsettled as between Circuits, the Seventh Circuit has adopted a narrow view of preemption in the context of contract claims. *See ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1454 (7th Cir. 1996) ("[C]ourts usually read preemption clauses to leave private contracts unaffected."). While declining to adopt a per se rule that any action with the label "breach of contract" is outside the preemption clause, the Seventh Circuit has concluded that private contracts are generally of a different scope than copyright protection because "[a] copyright is a right against the world. Contracts by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.'" *Id.* In *ProCD, Inc.*, plaintiff ProCD, Inc. filed suit against defendant Matthew Zeidenberg to enjoin Zeidenberg from using ProCD software for commercial purposes and limit his use to non-commercial purposes. ProCD argued that Zeindenberg's use of the software violated a shrinkwrap license agreement that limited the use of software to non-commercial purposes. *Id.* at 1450. The Seventh Circuit, faced with a question of preemption under 17 U.S.C. § 301(a) of the Copyright Act, concluded that the license agreement was a contract related to ownership and use of the software and, therefore, was not preempted by copyright law. *Id.* at 1454. With regard to software licenses, the *ProCD* court held that "whether a particular license is generous or restrictive, a simple two-party contract is not 'equivalent to any of the exclusive rights within the general scope of copyright' and therefore may be enforced." *Id.* Additionally, the court emphasized that enforcing the license agreement "would not withdraw any information from the public domain." *Id.* at 1455.

Applying *ProCD., Inc.* to the facts in the current case, Krueger argues that Count I does not "arise under" federal law because the Complaint seeks relief based on TradeGuider LLC's

"forfeiture of its contractual rights under the intellectual property provision of the Employment Agreement" as a result of TradeGuider LLC's breaches of contract, rather than rights as specified in § 106. The Court agrees with this characterization of Count I and concludes that Count I does not "arise under" federal copyright law. The Employment Agreement created numerous rights and obligations that are distinct from those protected under the Copyright Act. For instance, the agreement governed Krueger's employment generally, required compensation for the services performed, required confidentiality of nonpublic information, and prohibited Krueger's ability to compete with the LLC or solicit employees from the LLC. In addition, Krueger alleges that TradeGuider LLC breached various duties owed to Krueger under the Employment Agreement by, among other things, frustrating the purpose of the Employment Agreement and failing to work with Krueger in good faith. The obligations on which Krueger bases his declaratory judgment claim are more expansive than the rights specified under § 106. *See, e.g., Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1325 (Fed. Cir. 2003) (copyright law did not preempt breach of contract claims for violation of a provision that prohibited reverse engineering); *Hotsamba, Inc. v. Caterpillar Inc.*, 2004 U.S. Dist. LEXIS 4882, No. 01 C 5540, at *16 (N.D. Ill. Mar. 25, 2004) (license agreement and copyright claims not equivalent when agreement required confidentiality of a source code, but permitted actions that would otherwise constitute copyright infringement); *Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*, 2003 U.S. Dist. LEXIS 12815, No. 02 C 4721 at *5-6 (N.D. Ill. July 24, 2003) (breach of contractual duty of confidentiality is qualitatively different than copyright infringement claim).

In support of its initial removal to federal court, TradeGuider LLC asserted that Count I is a copyright claim, rather than a contract claim, because resolution of the claim necessitates

interpretation of the Copyright Act and the relief requested is governed by the Copyright Act. With respect to the former assertion – that resolution requires an interpretation of the Copyright Act – TradeGuider LLC contends that removal is proper because Count I will require the application of the "work made for hire" doctrine under § 101 of the Copyright Act. This argument is unpersuasive. The Complaint does not explicitly raise an issue related to this doctrine, nor is there any indication that Krueger's claims would require "construction of the Act." *Compare Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 7-8 (claim did not arise under federal copyright law when the "work made for hire" doctrine was only tangentially implicated and not even mentioned in the Complaint), *with gh, LLC v. Curtin*, 422 F. Supp. 2d 994, 996 (N.D. Ind. 2006) (plaintiff's claim required construction of the Copyright Act when the complaint explicitly requested the assignment of rights to works that were not considered "works made for hire"). To the extent that TradeGuider LLC contemplates using the "work made for hire" doctrine as a defense to Krueger's claims, federal jurisdiction cannot be based on " issues of federal copyright law [that] may come in by way of defense or counterclaim." *Saturday Evening Post Co.*, 81 F.2d at 1194.

TradeGuider LLC's second argument – that a claim "arises under" federal law because Krueger seeks to enjoin TradeGuider LLC from selling and accessing certain intellectual property – is founded on 17 U.S.C. § 502 of the Copyright Act. Section 502 authorizes the grant of "temporary and final injunctions . . . to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Krueger contends that the Complaint does not seek relief under the Copyright Act. As noted above, the Court has previously concluded that Krueger's requests for relief stem from a violation of his contractual rights, not from his "exclusive rights" as against the world. *See ProCD*, 86 F.3d at 1450, 1454 (request for injunction against use of software that exceeded the rights specified in

license agreement did not preempt state breach of contract claim). Thus, this argument also fails to establish federal question jurisdiction.

## Conclusion

The Court concludes that the Complaint does not implicate a claim "arising under" federal law. Accordingly, Plaintiff's Motion to Remand is granted. In addition, Plaintiff's Motion to Stay Pending Resolution of This Motion is denied as moot.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: November 27, 2007